IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN RODRIGUES, JR., | ) CIVIL NO. 18-00027 ACK-RLP |
| Plaintiff, | ) ORDER GRANTING IN PART AND ) DENYING IN PART DEFENDANTS |
| vs. | ) COUNTY OF HAWAII AND SAMUEL ) JELSMA'S MOTION FOR SANCTIONS |
| COUNTY OF HAWAII, ET AL., | ) AGAINST PLAINTIFF FOR FAILURE TO ) COMPLY WITH THE COURT'S ORDER |
| Defendants. | ) REGARDING DISCOVERY LETTER ) BRIEFS ) |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS COUNTY OF HAWAII AND SAMUEL JELSMA'S MOTION
FOR SANCTIONS AGAINST PLAINTIFF FOR FAILURE TO COMPLY
WITH THE COURT'S ORDER REGARDING DISCOVERY LETTER BRIEFS

Before the Court is Defendants County of Hawaii and Samuel Jelsma's Motion for Sanctions Against Plaintiff for Failure to Comply with the Court's Order Regarding Discovery Letter Briefs filed on April 2, 2019 ("Motion"). ECF No. 49. Plaintiff filed his Opposition to the Motion on April 3, 2019. ECF No. 3. Defendants filed their Reply on the same day. ECF No. 52. Defendants then sought leave to file a supplemental declaration in support of their Motion on April 11, 2019, which was granted. ECF No. 54. Plaintiff filed a response to the supplemental declaration on April 16, 2019. ECF No. 57. Defendants file their reply to the response on April 17, 2019. ECF No. 59. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 50. After careful review of the submissions of

the parties and the relevant legal authority, the Court DENIES Defendants' request for terminating sanctions and GRANTS Defendants' request for monetary sanctions.

BACKGROUND

In their Motion, Defendants ask this Court to sanction Plaintiff for his failure to comply with this Court's March 19, 2019 Order ("Discovery Order"). ECF No. 42. The Discovery Order directed Plaintiff, in relevant part, (1) to produce all documents responsive to Defendants' discovery requests that sought documents and information related to Plaintiff's medical and psychiatric records from 2012 to the present; and (2) to provide to Defendants an executed copy of the proposed Authorization for Use and Disclosure of Medical Information. ECF No. 42.[1] Plaintiff was directed to provide the required discovery no later than March 27, 2019.[2] Id.

In his Opposition, Plaintiff acknowledges that the

---

[1] The Discovery Order also directed Plaintiff to provide a supplemental response to Interrogatory No. 2 detailing his activities on January 26, 2017, from 4:00 a.m. through 10:00 p.m. or expressly invoking his Fifth Amendment privilege against self-incrimination. See ECF No. 42. Based on the information submitted by Plaintiff, it appears that he has complied with this part of the Discovery Order. See ECF No. 51-2.

[2] The Court notes that shortly before this deadline, Plaintiff filed a Motion to Stay Discovery and Civil Proceedings Pending Criminal Trial. See ECF No. 44. However, that motion does not reference the Court's prior Discovery Order or ask for any stay of the Discovery Order. Accordingly, the Court does not address the merits of that motion at this time and will address that Motion in the normal course by separate order.

medical authorization and medical records were not provided on March 27, 2019, as directed by the Court.  See ECF No. 51.  Plaintiff states that the authorization was provided to Defendants on April 2, 2019, after the present Motion was filed.  Id.  Plaintiff states that his failure to comply with the Court's Discovery Order was a result of Plaintiff's counsel's miscommunication with his staff.  Id. at 2-3.  In Defendants' supplemental filings, Defendants state that after the present Motion was filed and after Plaintiff belatedly provided a signed medical authorization, Plaintiff sent a letter to his health care providers "revoking his authorization," and as a result, Plaintiff's health care providers refuse to release his medical information.  See ECF No. 54-1.  In response, Plaintiff does not dispute that he revoked his medical authorization after he provided it to Defendants to prevent Defendants from obtaining certain medical records.  See ECF No. 57.  Plaintiff argues that he will be seeking to "voluntarily dismiss" the claims that put his mental and physical health at issue, which would make Defendants' requests for his medical records unnecessary.  Id.  Defendants argue that Plaintiff's repeated violations of this Court's Discovery Order are not cured by Plaintiff's offer to dismiss certain claims and that Plaintiff's mental and physical health remain relevant to this litigation even if those claims are dismissed.  ECF No. 59.

DISCUSSION

First, the Court DENIES Defendants' request for terminating sanctions at this time. It is undisputed that Plaintiff has failed to comply with the Court's Discovery Order. Plaintiff's failure to obey a discovery order is subject to sanctions under Rule 37, including terminating sanctions. See Fed. R. Civ. P. Rule 37(b)(2)(A)(i)-(vi). Although courts generally have wide discretion to impose discovery sanctions, the court's discretion to impose terminating sanctions is more narrow. To warrant terminating sanctions, the party's conduct must have been "'due to willfulness, fault, or bad faith.'" Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997)) (citation omitted). Before ordering terminating sanctions, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [defendant]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (citations omitted). In considering these factors, the Court finds that terminating sanctions are not appropriate at this time. Lesser sanctions have not been previously imposed on Plaintiff for his failure to comply with discovery. Plaintiff must fully comply with the Discovery Order unless and until

otherwise ordered by this Court.  The Court rejects Plaintiff's recent attempt revoke his medical authorization in violation of the Discovery Order.  Although Plaintiff states his intention to not pursue certain claims against Defendants, Plaintiff's unilateral statement does not change the Court's Discovery Order requiring compliance with his discovery obligations.  Plaintiff is cautioned that any future failure to comply with discovery or discovery orders of this Court may result in terminating sanctions.

Second, the Court GRANTS Defendants' request for an award of reasonable expenses against Plaintiff as permitted under Federal Rule of Civil Procedure 37.  The Court finds that Plaintiff's failure to comply with the Discovery Order was not substantially justified and no other circumstances make an award of expenses unjust.  The Court does not excuse Plaintiff's prior noncompliance because of Plaintiff's counsel's purported staffing issues.  See Auld-Susott v. Galindo, No. CV 16-00450 LEK-RLP, 2018 WL 3350363, at *2 (D. Haw. July 9, 2018) ("It is simply wrong for counsel to lay blame at the feet of his support staff.  As the attorney, he is solely responsible for complying with court-ordered deadlines.").  Plaintiff's failure to comply has resulted in Defendants having to file an additional motion and further briefing detailing Plaintiff's continued noncompliance.  The Court orders Plaintiff and Plaintiff's counsel to pay $2,000

to Defendants no later than April 30, 2019, for the expenses caused by Plaintiff's failure to comply with the Court's Discovery Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, APRIL 22, 2019.



_____
Richard L. Puglisi
United States Magistrate Judge

**RODRIGUES V. COUNTY OF HAWAII, ET AL., CIVIL NO. 18-00027 ACK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS COUNTY OF HAWAII AND SAMUEL JELSMA'S MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR FAILURE TO COMPLY WITH THE COURT'S ORDER REGARDING DISCOVERY LETTER BRIEFS**